UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIRGIL THOMPKINS,

    Petitioner,

v.                                                                      CASE NO. 6:06-cv-1158-Orl-31KRS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254, on July 21, 2006.[1] (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought should not be granted. (Doc. No. 4). Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 5). Petitioner filed a reply to the response. (Doc. No. 11).

Petitioner alleges four claims for relief in his habeas petition. Petitioner's first three claims are that his trial counsel rendered constitutionally defective assistance by: (1) failing to object to Petitioner "being viewed by the jury while chained" (claim one); (2) failing "to file a motion to sever two unrelated offenses for purposed [sic] at a jury trial" (claim two); and (3) misadvising Petitioner respecting his "desire to testify in [his] own behalf at trial" (claim three). (Doc. No. 1 at 6-9). Petitioner's final claim is that the state court "departed from the essential requirement of law for failing to consider" one of his post-conviction motions on the merits (claim four).

---

[1] This is the filing date under the prison mailbox rule.

## I. PROCEDURAL HISTORY

On June 19, 2002, Petitioner was charged in a two-count information with burglary of a dwelling and driving while license revoked (habitual offender). (App. A at 12). On the same date the State gave notice of its intent to prosecute Petitioner as a prison releasee reoffender ("PRR"), and as a habitual felony offender ("HFO"). *Id.* at 13 & 14. On November 18, 2002, the State gave notice of its intent to seek sentencing of Petitioner as a violent career criminal ("VCC"). *Id.* at 28.

A trial was held, and on August 21, 2003, the jury found Petitioner guilty of both counts as charged in the information. (App. A at 81-82). The state trial court classified Petitioner as a PRR and an HFO and sentenced him to a fifteen-year minimum mandatory sentence on count one (burglary), and a five-year sentence on count two (driving while license suspended). *Id.* at 267-83. The trial court ordered that Petitioner serve the two sentences consecutively, and further ordered that Petitioner "be allowed a total of 514 days credit for time incarcerated before imposition of sentence." *Id.* Subsequently, the trial court granted Petitioner's motion to correct sentence, and struck the HFO designation. *Id.* at 297-305. Petitioner and the State appealed, *id.* at 286-87 & 295, and the state appellate court affirmed. *Thompkins v. State*, 876 So. 2d 1216 (Fla. 5th DCA 2004). Mandate issued on July 23, 2004. (App. H).

Alleging ineffective assistance of appellate counsel, Petitioner filed with the state appellate court a petition for issuance of a writ of habeas corpus on February 7, 2005. (App. I). The state appellate court denied the petition on April 8, 2005. (App. M).

On March 5, 2005, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (App. N). Petitioner raised three claims, including that his counsel was ineffective in failing to object to the jury seeing Petitioner in shackles. *Id.*

2

Petitioner's motion was summarily denied, (App. O), and Petitioner appealed. (App. R). The state appellate court *per curiam* affirmed, *Thompkins v. State*, 910 So. 2d 280 (Fla. 5th DCA 2005), and mandate issued on September 23, 2005. (App. H).

On September 12, 2005, Petitioner filed a second Rule 3.850 motion alleging five new claims, including that his counsel was ineffective for failing to file a motion to sever counts one and two and for misadvising Petitioner regarding testifying on his own behalf at trial. (App. U). The state trial court summarily denied the motion as successive and as an abuse of process. (App. V). Petitioner appealed, (App. Y), and the state appellate court *per curiam* affirmed. *Thompkins v. State*, 919 So. 2d 461 (Fla. 5th DCA 2005). Mandate issued on February 8, 2006. (App. EE). Petitioner then filed the instant timely petition for writ of habeas corpus on April 27, 2005. (Doc. No. 1).

## II.  ANALYSIS

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

### A.  Claim One

Petitioner claims that his "trial counsel rendered ineffective assistance for failing to object to [Petitioner] being viewed by the jury while chained." (Doc. No. 1 at 6). Petitioner raised this claim in his first Rule 3.850 motion, and the state court rejected the claim as follows:

> [Petitioner] claims that a new trial is warranted since his shackling and chaining adversely impacted his presumption of innocence. A review of the record reveals that this ground lacks merit. Counsel addressed this issue with the judge. . . . A

> juror who saw [Petitioner] told the court that having seen [Petitioner] in custody during a recess would not affect his fairness or impartiality. The Court allowed him to stay on the jury. Any issue with this Court's ruling should have been raised on direct appeal and may not be relitigated *viz a viz* this 3.850 motion. Based on the foregoing, post-conviction relief as to this ground should be denied.

(App. O at 1). The state appellate court *per curiam* affirmed. *Thompkins v. State*, 910 So. 2d 280 (Fla. 5th DCA 2005).

This Court may grant habeas corpus relief only if the state court's decision to deny Petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."[2] 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000) (explaining that the phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision"). A presumption of correctness attaches to the determination of a factual issue made by a state court, which the

---

[2]"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

petitioner must rebut by clear and convincing evidence. *See Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001); 28 U.S.C. § 2254(e)(1).

Here, the state courts' rejection of this claim withstands review under section 2254(d). The record clearly shows Petitioner's counsel brought the issue of one juror's view of Petitioner in shackles to the attention of the trial court immediately after a recess:

> Just one matter, Your Honor. One of the deputies informed me that as they were bringing [Petitioner] back into the court room, they let him go use the restroom. One of the male jurors exited one of the restrooms here in the hallway so they had an opportunity to see [Petitioner] being brought back to the courtroom with his ankle shackles, chains on, so we wanted to bring that to your attention and probably be best to inquire of that juror.
>
> \* \* \*
>
> But the problem is that we have a juror who now knows that [Petitioner] is in custody.

(App. A, Trial Transcript at 147-49). Pursuant to the request of Petitioner's counsel, the court questioned the juror, and the juror confirmed that he saw Petitioner during the break "walking with an officer" with "his feet restrained." *Id.* at 150. The Court then made further inquiry:

> The Court: Well, let me ask you this question, you know, give it some serious thought before you respond. Do you feel that having seen him in custody that it would have any effect on your ability to sit as a juror in this case? I'm not – it's not your fault, first of all, but I do want you to give that some thought what would be your feelings.
>
> [The Juror:] No, sir, I don't believe it would affect my fairness or impartiality.
>
> The Court: All right. That satisfies the Court. Thank you very much.

*Id.* at 150.

Petitioner has not cited to any decision of the Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state courts' in this case. Therefore, the state courts' decision was not "contrary to" governing United States Supreme Court precedent. Further, the state court's decision was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which is controlling law with regard to ineffective assistance of counsel claims such as this one. *Wellington v. Moore,* 314 F.3d 1256, 1260 (11th Cir. 2002) (noting that "[i]t is well established that the Supreme Court's decision in *Strickland* . . . is the 'controlling legal authority' to be applied to ineffective assistance of counsel claims").

In *Strickland*, the United States Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). This is not one of those cases.

Petitioner's counsel properly brought the issue of a juror viewing Petitioner in shackles to the attention of the trial court. Further, despite the court's reluctance, Petitioner requested that the juror be questioned regarding his ability to render a fair judgment in light of what he saw. The Court cannot find that no "reasonable lawyer at the trial could have acted, in the circumstances, as [Petitioner's] counsel acted at trial." *White*, 972 F.2d at 1220-21. No doubt another lawyer might have requested a mistrial despite the juror's response that he could be fair and the trial court's stated satisfaction with the juror's answer. Nonetheless, the Court cannot find that such a course of action was constitutionally mandated. Because the state courts' rejection of this claim is supported by the record and is not contrary to or an unreasonable application of clearly established federal law, Petitioner cannot prevail on this ineffective assistance of counsel claim.

**B.     Claims Two and Three**

Petitioner claims that his counsel rendered ineffective assistance by (1) failing to file a motion to sever the burglary charge from the charge of driving with a suspended license (Claim Two), and (2) misadvising Petitioner with regard to his desire to testify on his own behalf at trial (Claim Three). (Doc. No. 1 at 7-9). Respondents contend that the Court may not consider either claim on the merits because both claims are procedurally barred. (Doc. No. 5 at 5-8).

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means

of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This Court applies a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim. *Id.* Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. *Id.* Third, the state procedural rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

Petitioner raised claims two and three in his second Rule 3.850 motion on September 12, 2005, (App. U), and the state trial court denied the claims as "successive" because:

> 2. [Petitioner] filed a Motion for Post-Conviction Relief raising several claims on March 9, 2005. This motion was denied on May 26, 2005.

    3.    A second or successive motion may be dismissed if new and different grounds are alleged and failure to assert those grounds in the prior motion constitutes and abuse of process. Fla. R. Crim. P. 3.850(f).

    4.    On a successive motion, the movant must allege that the grounds asserted were not known and could not have been known at the time of the initial motion. Failure to show any justification for failure to raise present claims in the initial post-conviction motion constitutes abuse of process.

    5.    The initial motion was denied on the merits. [Petitioner] has not shown that the grounds raised in this successive motion were unknown and could not have been known at the time of filing the initial motion.

(App. V (citations omitted)). The state appellate court *per curiam* affirmed. *Thompkins v. State*, 919 So. 2d 461 (Fla. 5th DCA 2005).

The state courts' denial of claims two and three pursuant to Rule 3.850(f) of the Florida Rules of Criminal Procedure constitutes an independent procedural ground under state law. First, the state trial court clearly and expressly relied on a state procedural rule – specifically, Rule 3.850(f) – to resolve the federal claims. *Judd,* 250 F.3d at 1313. The state appellate court's *per curiam* affirmance of the state trial court's decision satisfies the requirement that the last court to consider the claim apply a state procedural rule to resolve the claim. Second, the state courts' decision rested entirely on its application of Rule 3.850(f) and was not "intertwined" with an interpretation of federal law. *Id.* Finally, the Court finds that Rule 3.850(f) is firmly established and regularly followed by the courts of Florida, and the state courts in this case did not apply the rule in an arbitrary or unprecedented fashion. *Id.* Accordingly, claims two and three are procedurally barred and the Court may not consider such claims on the merits because Petitioner

9

has not even attempted to demonstrate the applicability of either of the two narrow exceptions to procedural default.[3]

**C.    Claim Four**

Petitioner's final claim is that "the state court departed from the essential requirement of law for failing to consider the 9/12/05 motion on its merits" (Claim Four). (Doc. No. 1 at 10-11). In addition to being fatally conclusory, this claim is refuted by the record as explained above. The state trial court applied a valid state rule of procedure in rejecting Petitioner's second Rule 3.850 motion as successive and an abuse of process. Accordingly, Petitioner cannot prevail on Claim Four.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[3]Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695 (11th Cir. 1999). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Id.* at 703. To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (quoting *Schlup*, 513 U.S. at 324).

1. The Petition for Writ of Habeas Corpus filed by Virgil Thompkins (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 26th day of November, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 11/26
Counsel of Record
Virgil Thompkins